18SL-CC01576

Electronically Filed - St Louis County - April 17, 2018 - 02:41 PM

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| NANCY UMFLEET, on behalf of herself and all others situated, | ) ) ) | |
| | ) | Cause No. |
| Plaintiffs, | ) ) | Division No. |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| FIESER NURSING CENTER L.L.C. | ) ) ) | |
| Defendant. | | |

## COLLECTIVE AND CLASS ACTION PETITION

Plaintiff, individually and on behalf of all others similarly situated, as collective action and class action representative, upon personal knowledge as to herself and upon information and belief as to other matters, alleges as follows:

### PRELIMINARY STATEMENT

1.      This lawsuit seeks to recover unpaid overtime compensation for Plaintiff and her similarly situated co-workers who work or worked for Defendant Fieser Nursing Center LLC ("Fieser" or "Defendant") as nurses and/or other health care employees and who Defendant failed to pay overtime for hours worked over eight in one day despite indicating to those employees and Nurses that they were being paid pursuant to Section 7(j) of the Fair Labor Standards Act ("FLSA") under the "8 and 80" system (collectively "Nurses" or "similarly situated Nurses" or "similarly situated employees)".

2.      Plaintiff's typical 14-day schedule would consist, and consists, of four 12 hour shifts in week one and three 12 hour shifts in week two (or the converse).  Pursuant to the FLSA's "8 and 80" system, Defendant was, and is, required to pay Plaintiff one and one-half times her regular rate ("overtime") for every hour worked more than eight hours per day and

6622471

hours worked over 80 in the 14-day period.  Thus, in this scenario, Defendant was, and is, required to pay Plaintiff – and those similarly situated to her – overtime for 16 hours in week one and 12 hours in week two.  Notwithstanding this requirement, in this scenario Defendant paid, and pays, Plaintiff and those similarly situated to her only four hours of overtime, claiming it is only responsible for paying overtime for hours worked over 80 in a 14 day pay period.

3. Plaintiff therefore brings this action under the FLSA 29 U.S.C. § 201 *et seq.*, Missouri wage and hour law, and Missouri common law for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonably attorneys' fees, as a result of Defendant's failure to pay Plaintiff and similarly situated Nurses and employees lawful overtime compensation.

## JURISDICTION AND VENUE

4. Plaintiff is, and at all times mentioned herein was, a citizen of the State of Missouri residing in Pacific, MO in Franklin County.

5. At the time of the conduct complained of herein and at all times mentioned, Defendant was a Missouri limited liability company with its principal place of business in St. Louis County, Missouri and did conduct business in Fenton, Missouri, which is in St. Louis County, Missouri.

6. As Defendant transacts business in, and all conduct described herein occurred in, St. Louis County, Missouri, pursuant to Mo. Rev. Stat. 508.010, venue and jurisdiction is proper in this Court of general jurisdiction.

## THE PARTIES AND CLAIMS

7. Plaintiff Nancy Umfleet resides in Franklin County, Missouri and works as a Nurse for Defendant in St. Louis County, Missouri. Plaintiff Umfleet has worked for Defendant since January 2016. Plaintiff Umfleet's consent to join this action is attached hereto as Exhibit 1.

8. At all times herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA and Missouri wage and hour law.

9. Plaintiff Umfleet brings Count I of this action as a collective action under the FLSA on behalf of herself and all other similarly situated Nurses and employees employed by Defendant within the last three years.

10. Plaintiff Umfleet brings Count II of this lawsuit as a Class Action under the Missouri Minimum Wage Laws, Mo. Rev. Stat. § 290.500 *et seq*. and Missouri Rule of Civil Procedure 52.08 on behalf of herself and all other similarly situated Nurses and employees employed by Defendant within the last two years.

11. Plaintiff Umfleet brings Counts III and IV of this lawsuit as a class action under Missouri common law and Missouri Rule of Civil Procedure 52.08 on behalf of herself and all other similarly situated Nurses and employees employed by Defendant within the last five years.

12. Defendant Fieser Nursing Center LLC is Missouri limited liability company with its headquarters located within St. Louis County, Missouri and is an "employer" within the meaning set forth in the FLSA and was at all time relevant to the allegations herein Plaintiff's and similarly situated Nurses' employer.

13. Defendant Fieser Nursing Center LLC has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others.

14. Defendant had gross annual revenues exceeding $500,000 for all relevant periods.

## GENERAL ALLEGATIONS

15. Plaintiff and similarly situated Nurses and employees routinely worked, and work, 12-hour shifts.

16. Plaintiff and similarly situated Nurses and employees routinely work over 40 hours per work.

17. Plaintiff and similarly situated Nurses and employees will routinely work seven 12-hour shifts in a two-week period with a breakdown of 48 hours in one week and 36 hours in the other.

18. Defendant informed Plaintiff and similarly situated Nurses and employees that they are being paid pursuant to Section 7(j) of the FLSA under the "8 and 80" system. This was, and is, communicated through the Employer's "Employee Information, Policy Review, and Conditions of Employment Equal Opportunity Employer" document, which is distributed to employees and was also communicated orally to Plaintiff and other similarly situated employees.

19. Notwithstanding this notice, Defendant failed, and fails, to pay Plaintiff and similarly situated Nurses and employees overtime for every hour worked more than eight hours per day.

20. Instead, Defendant only pays Plaintiff and similarly situated Nurses and employees for hours in excess of 80 in a 14-day period.

21. Consequently, Plaintiff and similarly situated Nurses and employees consistently worked, and work, without proper compensation and overtime.

22. Plaintiff and all similarly situated Nurses and employees are owed overtime for every hour worked in excess of eight hours per day.

- 4 -

23. Plaintiff has informed Defendant of its failure to pay overtime and improper application of the "8 and 80" system on multiple occasions, but Defendant has ignored her reports, claiming that under the "8 and 80" system Defendant is only required to pay overtime for hours worked over 80 in a 14-day period.

24. Defendant's deliberate failure to pay Plaintiff and similarly situated Nurses and employees their earned overtime for hours in excess eight in a given work day – pursuant to the FLSA's "8 and 80" system – violates the FLSA and Missouri law.

25. The policies and practices maintained and administered by Defendant, instituted and approved by Defendant's managers, resulted, and results, in Defendant willfully failing to pay overtime compensation.

26. Defendant thus enjoyed, and continues to enjoy, ill gained profits at the expense of Plaintiff and similarly situated Nurses and employees.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

27. Plaintiff brings Count I as an "opt-in" collective action under 29 U.S.C. § 216(b) on behalf of all those similarly situated Nurses and employees who file a consent to join form with the Court.

28. Plaintiff brings Counts II, III, and IV of this lawsuit as an "opt-out" class action under Missouri wage and hour law and common law and Missouri Rule of Civil Procedure 52.08 on behalf of herself and all other similarly situated Nurses and employees.

29. Plaintiff individually and on behalf of similarly situated Nurses and employees seeks relief on a collective basis challenging Defendant's failure to pay required overtime for hours worked.  The number and identity of other Plaintiffs yet to opt-in and consent to be a party plaintiff to this lawsuit may be determined from Defendant's records.

Electronically Filed - St Louis County - April 17, 2018 - 02:41 PM

30. Notice should be provided to the probable FLSA collective action Plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

31. The email address of many of the probable FLSA collective action Plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action Plaintiffs via email to their last known email addresses as soon as possible.

32. The cellular telephone numbers of many of the probable FLSA collective action Plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action Plaintiffs via text message as soon as possible.

33. Plaintiff brings Count I of this Petition as an "opt-in" collective action under 29 U.S.C. § 216(b) on behalf of herself and as the representative of the following:

   a. All current and former Nurses or other employees with an agreement to be paid pursuant to the FLSA's "8 and 80" provision employed by Defendant within three years preceding the date of filing this action.

34. Plaintiff brings Count II of this Petition as a class action pursuant to Missouri Rule of Civil Procedure 52.08, on behalf of herself and as the class representative of the following persons:

   a. All current and former Nurses or other employees with an agreement to be paid pursuant to the FLSA's "8 and 80" provision employed by Defendant within two years preceding the date of filing this action.

35. Plaintiff brings Counts III and IV of this Petition as a class action pursuant to Missouri Rule of Civil Procedure 52.08, on behalf of herself and as the class representative of the following persons:

Electronically Filed - St Louis County - April 17, 2018 - 02:41 PM

    a. All current and former Nurses or other employees with an agreement to be paid pursuant to the FLSA's "8 and 80" provision employed by Defendant within five years preceding the date of filing this action.

36. The state law claims, if certified for class wide treatment, are brought on behalf of all similarly situated Nurses and employees who do not opt out of the class action ("the Class").

37. Plaintiff's state law claims satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action pursuant to Missouri Rule of Civil Procedure 52.08.

38. The Class satisfies the numerosity standard; it consists of multiple persons who may be geographically disbursed. As a result, joinder of all Class members in a single action is impractical. Class members may be informed of the pendency of this class action through direct mail, electronic mail, and telephone.

39. Questions of fact and law common to the Class predominate over any questions affecting only individual members. Questions of law and fact arising from Defendant's actions including, without limitation, the following:

    a. Whether Defendant failed to pay Class members wages and overtime required under Mo. Rev. Stat. § 290.500 *et seq.*;

    b. Whether Defendant is liable to class members pursuant to Quantum Meruit; and

    c. Whether Defendant has been unjustly enriched by its failure to pay Class members for time worked.

40. The questions set forth above predominate any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy,

efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

41. Plaintiff's claims are typical of those of the Class in that the Class Members have been, or are, employed in the same of sufficiently similar positions as Plaintiff and were subject to the same unlawful practices.

42. A class action is the appropriate method for the fair and efficient adjudication of the controversy. Defendant has acted or refused to act on grounds generally applicable to the Class. The presentation of separate actions by individual Class members creates a risk of inconsistent and varying adjudications, establishing incompatible standards of conduct for Defendant, and/or substantially impairing or impeding the ability of the Class members to protect their interest.

43. Plaintiff is an adequate representative of the Class because she is a member of the Class and her interests do not conflict with the interests of other members of the Class she seeks to represent. The interests of the members of the Class will be fairly and adequately protected by Plaintiff and her undersigned counsel, who is experienced in wage and hour, employment, and class/collective action litigation.

### COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT

44. Plaintiff reasserts and realleges the allegations set forth above.

45. At all times material herein, Plaintiff and other similarly situated persons have been entitled to the rights, protections, and benefits provided under the FLSA. Plaintiff and other similarly situated Nurses and persons are and were at all relevant times "employees" within the meaning of the FLSA. 29 U.S.C. §§ 203(e) and 207(a).

Electronically Filed - St Louis County - April 17, 2018 - 02:41 PM

46. The FLSA regulates, among other things, the payment of overtime to Plaintiff and similarly situated Nurses and employees who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

47. Defendant is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its Nurses and employees are engaged in commerce.  29 U.S.C. §§ 206(a) and 207(a).

48. During all times relevant to this action, Defendant was the "employer" of Plaintiff and the Class within the meaning of the FLSA.  29 U.S.C. §§ 206(a) and 207(a).

49. Defendant failed to pay Plaintiff and other similarly situated Nurses and employees the overtime wages to which they were, and are, entitled under the FLSA.

50. Defendant's violations of the FLSA, as described herein, have been willful and intentional.

51. Defendant has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and those similarly situated Nurses and employees.

52. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

53. As a result of Defendant's willful violations of the FLSA, Plaintiff and other similarly situated FLSA Collective Members have suffered damages by being denied overtime wages in amounts to be determined at trial or through undisputed record evidence, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated Nurses and employees, prays for the following relief:

a. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all current and former Nurses or other employees purportedly paid pursuant to the FLSA's "8 and 80" provision employed by Defendant within three years preceding the date of filing this action. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

b. The payment at one and one-half times their regular rates of pay for all overtime hour worked under the "8 and 80" rule – that is, all hours worked over eight in one day and over 80 in a two week pay period – by Plaintiff and similarly situated Nurses and employees for which they have not been properly compensated;

c. Liquidated damages pursuant to 29 U.S.C. § 216(b);

d. Reasonable attorneys' fees and costs;

e. A reasonable service award to the Plaintiff to compensate her for the time she spent attempting to recover wages for FLSA collective members and for the risks she took in doing so;

f. Prejudgment interest;

g. That the applicable statute of limitations for Plaintiff's FLSA cause of action be tolled because strict application of the same would be inequitable;

h. A declaratory judgment that Defendant's practices alleged herein violate the FLSA and relating regulations; and

Electronically Filed - St Louis County - April 17, 2018 - 02:41 PM

    i.    Such other and further relief as this Court deems fair and equitable.

## COUNT II: VIOLATION OF MISSOURI'S WAGE AND HOUR LAWS

54.    Plaintiff reasserts and realleges the allegations set forth above.

55.    At all relevant times herein, Plaintiff and the Class have been entitled to the rights, protections, and benefits provided under Missouri's wage and hour laws – Mo. Rev. Stat. § 290.500 et seq.

56.    Missouri's wage and hour laws regulate, among other things, the payment of overtime wages by employers, subject to limited exceptions not applicable here.

57.    At all relevant times herein, Defendant was Plaintiff's and similarly situated Nurses' and employees' employer, and Plaintiff and similarly situated Nurses and employees were Defendant's employees, within the meaning of Missouri's wage and hour laws – Mo. Rev. Stat. §§ 290.500(3) & (4).

58.    Pursuant to Missouri's wage and hour laws (Mo. Rev. Stat. § 290.505.1), employees like Plaintiff and those similarly situated Nurses and employees shall be compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of 40 hours in a work week.

59.    Defendant violated Missouri's wage and hour laws by willfully and intentionally refusing and failing to pay Plaintiff and similarly situate Nurses and employees overtime wages required under Missouri law.

60.    Pursuant to Mo. Rev. Stat. § 290.527, Plaintiff and similarly situated Nurses and employees are therefore entitled to damages equal to the full amount of their wage rate and an additional equal amount as liquidated damages, less any amount actually paid to Plaintiff and similarly situated nurses and employees by Defendant.

61. Plaintiff and similarly situated Nurses and employees are also entitled to an award of prejudgment and post judgment interests at the applicable legal rate.

62. Plaintiff and similarly situated Nurses and employees are also entitled to her costs and reasonable attorney's fees incurred in this action.

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated Nurses and employees, prays for the following relief:

  a. Compensatory damages equal to the full amount of Plaintiff's and similarly situated Nurses' and employees' wage rate (that is, one and one half times their regular rate of pay for all hours worked over eight in one day and over 80 in a 14-day period) and an additional equal amount as liquidated damages, less any amount actually paid to Plaintiff and similarly situated Nurses and employees by Defendant;

  b. Attorneys' fees and costs as allowed by Mo. Rev. Stat. § 290.527;

  c. Prejudgment and post judgment interest; and

  d. All other relief this Court deems fair and equitable.

### COUNT III: QUANTUM MERUIT

63. Plaintiff reasserts and realleges the allegations set forth above.

64. Defendant recognized the benefits conferred upon it by Plaintiff and other similarly situated Nurses and employees.

65. Defendant accepted and retained the benefits under circumstances that would render such retention inequitable.

66. Defendant has therefore been unjustly enriched, and Plaintiff and other similarly situated Nurses and employees have been damaged.

Electronically Filed - St Louis County - April 17, 2018 - 02:41 PM

67. The payment requested by Plaintiff and other similarly situated Nurses and employees for the benefits produced by them to Defendant is based on customary and reasonable rates for such services, or like services, at the time and in the locality where the services were rendered.

68. Plaintiff and similarly situated Nurses and employees are entitled to damages equal to all unpaid wages due within five (5) years preceding the filing of this Petition plus periods of equitable tolling.

69. Plaintiff and similarly situated nurses and employees are also entitled to an award of prejudgment and post judgment interest at the applicable legal rate.

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated Nurses and employees, prays for the following relief:

    a. Compensatory damages;

    b. Prejudgment and post judgment interest; and

    c. All other relief this Court deem fair and equitable.

## COUNT IV: UNJUST ENRICHMENT

70. Plaintiff reasserts and realleges the allegations set forth above.

71. Plaintiff and similarly situated Nurses and employees conferred benefits on Defendant in the form of unpaid labor, and Defendant received such benefits conferred upon it by Plaintiff and similarly situated Nurses and employees.

72. Defendant appreciated the fact of the benefits.

73. Defendant accepted and retained the benefits in circumstances that render such retention inequitable.

74. Defendant has therefore been unjustly enriched, and Plaintiff and similarly situated Nurses and employees have been damaged.

75. Plaintiff and similarly situated Nurses and employees are entitled to damages equal to all unpaid wages due within five (5) years preceding the filing of this Petition plus periods of equitable tolling.

76. Plaintiff and similarly situated Nurses and employees are also entitled to an award of prejudgment and post judgment interest.

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated Nurses and employees, prays for the following relief:

   a. Compensatory damages;

   b. Prejudgment and post judgment interest;

   c. All other relief this Court deems fair and equitable.

### DEMAND FOR JURY TRIAL

Plaintiff, individually and behalf of all other similarly situated Nurses and employees, requests a trial by jury as to all issues triable by jury herein.

Respectfully submitted,

**HKM Employment Attorneys LLP**

By  */s/ S. Cody Reinberg*
S. Cody Reinberg, IL - 6315681
9666 Olive Blvd., Suite 202A
St. Louis, Missouri 63132
314-391-9557
creinberg@hkm.com