**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| NANCY UMFLEET, on behalf of herself and all others situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FIESER NURSING CENTER, LLC, )<br>)<br>Defendant. ) | Case No. 4:18-cv-858 |

**JOINT MOTION (WITH INCORPORATED BRIEF) FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT AND NOTICE TO THE SETTLEMENT CLASS**

COME NOW, Plaintiff Nancy Umfleet, individually and on behalf of all others similarly situated, by her undersigned attorney, and Defendant Fieser Nursing Center, LLC, by its undersigned attorneys, and jointly submit this Motion for Preliminary Approval of Class and Collective Action Settlement and Notice to the Settlement Class. For the reasons set forth herein, the Parties respectfully request that this Court grant this Motion.

**I.  INTRODUCTION**

Plaintiff has reached an agreement to settle this case with Defendant regarding Defendant's alleged class and collective action violations of the Fair Labor Standards Act ("FLSA") and the Missouri Minimum Wage Act ("MMWA"). The terms of the settlement are contained in the Settlement Agreement ("Agreement") attached as Exhibit 1.[1]  Plaintiff and Defendant now wish to begin the settlement approval process outlined in the *Manual for Complex Litigation (Fourth)* §§ 21.632-21.635 (2004).  They seek entry of an order:

---

[1] Exhibit 1 also contains a proposed order of preliminary approval, the class notice and claim forms, and an opt-out form.

- Certifying a collective action under the FLSA and a class action under Fed. R. Civ. P. 23 for purposes of settlement including appointment of S. Cody Reinberg of HKM Employment Attorneys LLP as Class Counsel;

- Granting preliminary approval of the settlement;

- Approving the parties' proposed forms and methods of giving class members notice of the proposed settlement;

- Directing that notice be given to class members in the proposed forms and manner; and

- Setting a hearing on whether the Court should grant final approval of the settlement, and enter judgment, and award attorneys' fees and costs to Plaintiff and Class Counsel.

The settlement provides substantial benefits via a Settlement Fund established for the benefit of the class members. Because the class members are easily identified, and substantial contact information regarding the class members is possessed by Defendant, Defendant will administer the settlement claims process, monitored by Plaintiff's counsel. Defendant will pay for the costs of administration, which includes the cost of the notice. Defendant will pay Plaintiff's attorneys' fees and expenses in an agreed-upon amount.

The proposed settlement addresses Plaintiff's litigation objectives and falls within the range of possible final approval. The settlement was negotiated by lawyers experienced in complex litigation. For these reasons, the settlement enjoys a presumption of fairness and should be submitted to class members for their reaction.

**II.    ARGUMENT**

    **1.    THE LITIGATION**

Plaintiff and the class members worked as nurses for Fieser Nursing Center, a nursing home. Doc. # 5, ¶ 1. In the Complaint, Plaintiff alleges Defendant failed to pay her and similarly

situated class members overtime at a premium rate, and promised to pay a premium rate for hours worked over eight in a day, but failed to do so. Doc. # 5, ¶ 2.

The parties engaged in extensive settlement negotiations and voluntarily exchanged a significant amount of information relevant to class wide settlement calculations.  On August 20, after weeks of reviewing and discussing this information, the parties negotiated a full class-wide settlement agreement.

    2.    THE SETTLEMENT TERMS

        a.  RELIEF AVAILABLE TO CLASS MEMBERS

Under the terms of the proposed settlement, Defendant will provide benefits to the certified FLSA and MMWA classes.  The settlement class is comprised of all current and former nurses who worked at Defendant's facility from April 17, 2016, to September 21, 2018.  Defendant will create a total Settlement Fund of $83,000, which shall include all Class Member payments and all attorney's fees and costs awarded to Class Counsel and service awards given to the Named Plaintiff.  In addition to the Settlement Fund, Defendant shall pay all class notice and settlement administration costs.  Defendant will pay each of the 24 Class Members who submit timely claims using the agreed Claim Form.

Each Class Member will receive a certain amount of back wages and liquidated damages based on the hours worked by each Class Member – the amounts contained within Exhibit D to the Settlement Agreement.  The Class Members will release any and all claims the Settlement Class has or may have arising out of or relating directly or indirectly in any manner whatsoever to the facts alleged or which could have been alleged or asserted in the Complaint and Amended Complaint, including, but not limited to, any and all claims under the Fair Labor Standard Act, the Missouri Minimum Wage Law, and all analogous state law and common law claims arising in law or equity.

The Named Plaintiff will provide a full release of all her claims. Named Plaintiff will receive from the Settlement Fund a service award of $1,800. Plaintiff's counsel will receive from the Settlement Fund $29,050 in attorney's fees and litigation costs and expenses.

### b.  CLASS NOTICE AND SETTLEMENT ADMINISTRATION

The Parties agreed to Notice to the Settlement Class by first-class mail.  Additionally, notice to Class Members currently employed by Defendant shall be provided by hand-delivery or in conjunction with a regularly scheduled pay period.  Because the class members are easily identified, and substantial contact information regarding the class members is possessed by Defendant, Defendant will administer the settlement claims process, monitored by Plaintiff's counsel.

Defendant will pay the costs of the administration, which includes the cost of class notice, accounting issues associated with the provision of W-2s to claiming Class Members, processing and distributing settlement checks to claiming Class Members, answering questions concerning administration of settlement and handling all settlement administration issues arising in the ordinary course of business.

Class Members will have 60 days after the Notice is first mailed to submit their claim forms and 120 calendar days from the date of initial mailing to cash their settlement checks.  Any funds that are not cashed or negotiated will be void and a stop-payment will be placed.  Defendant is entitled to any Settlement Fund residuals after all payments are made under the Agreement.

### c.  OPT-OUT AND RELEASE PROVISIONS

Class Members will have 45 days from the date on the Notice to object to the Settlement and to opt out of the Rule 23 MMWA settlement.  Any objections to the Settlement must be served ten (10) days before the final fairness hearing.

Except for those Class Members who object to the Settlement and opt out of the Rule 23

MMWA settlement, all Class Members will be bound by the final approval order of the Rule 23 MMWA settlement, the judgment, and the release of the MMWA claims as set forth in the Agreement.

Only Class Members that file a consent form to participate in the settlement will be bound by the final approval order of the FLSA settlement, the judgment, and the release of the FLSA claims as set forth in the Agreement.

### d. ATTORNEYS' FEES AND EXPENSES

The Parties have agreed to an award to Class Counsel of Twenty-Nine Thousand and Fifty Dollars ($29,050.00) in attorneys' fees and costs. This amount represents 35% of the Settlement Fund as attorneys' fees and reasonable expenses.

The FLSA (and the MMWA) provides for a mandatory award of attorneys' fees to prevailing plaintiffs. *See* 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). "Though the fee is mandatory, the Court has discretion to determine the amount and reasonableness of the fee. . . . When a common fund is created by settlement, courts have applied one of two methods in determining reasonable attorney's fee awards: a percentage of the fund or the lodestar method." *Shackleford v. Cargill Meat Sols. Corp.*, 2013 WL 937550, at *1 (W.D. Mo. Mar. 8, 2013) (quoting *Peterson v. Mortgage Sources, Corp.*, 2011 WL 3793963, *9 (D. Kan. Aug. 25, 2011)).

In common fund cases under the FLSA, where attorneys' fees and class member benefits are paid from the same fund, the "percentage of the benefit method may be preferable to the lodestar method." *Shackleford,* 2013 WL 937550, at *1 (quoting *Wiles v. Southwestern Bell Telephone Co.*, 2011 WL 2416291 (W.D. Mo. June 9, 2011)). "In the Eighth Circuit, use of a percentage method of awarding attorney fees in a common-fund case is not only approved, but

5

also 'well-established.'" *In re Xcel Energy, Inc. Sec. Derivative & ERISA Litig.*, 364 F. Supp. 2d 980, 991 (D. Minn. 2005). Indeed, courts in this Circuit routinely approve and apply the "percentage-of-the-fund" approach in awarding attorneys' fees in common fund cases. *See, e.g., Johnston v. Comerica Mortg. Corp*, 83 F.3d 241, 245-7 (8th Cir. 1996) (approving the percentage method as one method of awarding fees); *Petrovic v. AMOCO Oil Co.*, 200 F.3d 1140, 1157 (8th Cir. 1999); *In re U.S. Bancorp Litig.*, 291 F.3d 1035, 1038 (8th Cir. 2002) (approving the award of 36% of the settlement fund as attorneys' fees).

Although "[t]he Eighth Circuit has not set forth a specific percentage benchmark to analyze the reasonableness of attorney fees under the percentage-of-the-fund method," courts in this Circuit "have frequently awarded attorney fees between twenty-five and thirty-six percent of a common fund in class actions." *Yarrington v. Solvay Pharm., Inc.*, 697 F. Supp. 2d 1057, 1064 (D. Minn. 2010) (approving 33% of the settlement fund as attorneys' fees resulting in a 2.26 multiplier on class counsel's lodestar) (quoting *In re U.S. Bancorp Litig.*, 291 F.3d 1035, 1038 (8th Cir. 2002) (affirming fee award representing 36% of the settlement fund as reasonable)).

Here, Class Counsel seeks an award of 35% of the common fund, which is "comfortably within the range typically charged as a contingency fee by plaintiffs' lawyers in an FLSA action." *Shackleford,* 2013 WL 937550, at *2. Moreover, at the time of this Motion, Class Counsel had expended 52.6 hours on this case. Class Counsel's hourly rate is $400 per hour. Thus, the lodestar at this time – prior to settlement administration, final approval, and preparation for final fairness hearing – is $21,040.00. As such, the $29,050.00 for attorneys' fees and costs upon the conclusion of this matter is reasonable.

### 3. PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENT IS APPROPRIATE

The law favors settlement, particularly in class actions and other complex cases where substantial resources can be conserved by avoiding the time, cost, and rigor of prolonged litigation.

6

*See Cohn v. Nelson*, 375 F. Supp. 2d 844, 852 (E.D. Mo. 2005) ("The law favors settlement, particularly in class actions and other complex cases where substantial judicial resources can be conserved by avoiding formal litigation."). *See also Little Rock Sch. Dist. v. Pulaski County Special Sch. Dist. No. 1*, 921 F.2d 1371, 1383 (8th Cir. 1990) ("The law strongly favors settlements. Courts should hospitably receive them. This may be especially true in the present context -- a protracted, highly divisive, even bitter litigation, any lasting solution to which necessarily depends on the good faith and cooperation of all the parties."); *Schoenbaum v. E.I. Dupont De Nemours & Co.*, 2009 U.S. Dist. LEXIS 114080 (E.D. Mo. Dec. 8, 2009) ("Especially in the context of class actions, the federal judiciary has a strong policy of promoting and encouraging settlements between litigating parties."); *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 2004 U.S. Dist. LEXIS 23342 (W.D. Mo. Apr. 20, 2004) ("The policy in favor of settlement is so strong that such agreements are presumptively valid."); *Newberg on Class Actions* § 11.41 (Fourth) (2002) ("The compromise of complex litigation is encouraged by the courts and favored by public policy."). "This policy is particularly appropriate in class actions: In the class action context in particular, 'there is an overriding public interest in favor of settlement.' Settlement of the complex disputes often involved in class actions minimizes the litigation expenses of both parties and also reduces the strains such litigation imposes upon already scarce judicial resources.'" *Id.* (citing *Armstrong v. Board of School Directors*, 616 F.2d 305, 313 (7th Cir. 1980)).

Where, as here, the Parties propose to resolve class action litigation through a class-wide settlement, the district court must review a proposed class action settlement "to ensure that the agreement is not the product of fraud or collusion and that, taken as a whole, it is fair, adequate, and reasonable to all concerned." *Marshall v. Nat'l Football* League, 787 F.3d 502, 509 (8th Cir.

7

2015) (quoting *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 322, 934 (8th Cir. 2005)).

The review of a proposed class action settlement involves a well-established three-step process. First, the district court must issue a "preliminary approval" order following a pre-notification hearing to determine whether the proposed settlement is within the range of possible approval. *In re Uponor, Inc., F1807 Plumbing Fittings Products Liability Litigation*, 716 F.3d 1057, 1063 (8th Cir. 2013). Second, notice of the proposed settlement must be given to all class members. Third, the district court must issue a "final approval" order after notifying the class of the settlement and holding a hearing to consider the fairness of settlement. Manual for Complex Litigation (Fourth), § 21.632 (2004).

At this preliminary stage, the Court need only determine whether the settlement is "within the range of possible approval." *Schoenbaum v. E.I. Dupont De Nemours & Co.*, No. 4:05CV01108ERW, 2009 WL 4782082, at *2 (E.D. Mo. Dec. 8, 2009). Preliminary approval does not require the district court to answer the ultimate question of whether a proposed settlement is "fair, reasonable, and adequate." *Martin v. Cargill, Inc.*, 295 F.R.D. 380, 384 (D. Minn. 2013) Rather, "the fair, reasonable and adequate standard is lowered" at the preliminary approval stage with the ultimate question determined later at a "fairness hearing*." Schoenbaum*, 2009 WL 4782082, at *2.

Now, the Parties respectfully request that the Court take the first step in the settlement approval process and grant preliminary approval of the settlement.

> a. **THE PROPOSED SETTLEMENT, NEGOTIATED BY THE PARTIES, ENJOYS A PRESUMPTION OF FAIRNESS**

Notably, this settlement should be accorded a presumption of fairness: "A presumption of [fairness] applies to a class settlement reached in arm's-length negotiations between

8

experienced, capable counsel." *Austin v. Metro. Council*, 2012 U.S. Dist. LEXIS 41750, *18-19 (D. Minn. Mar. 27, 2012); see also 4 Newberg § 11.41 (noting that where the settlement is the product of arm's-length negotiations between capable counsel experienced in complex class action litigation, the court should begin its analysis with a presumption that the settlement is fair and should be approved); *." Uponor, Inc.*, 716 F.3d at 1063 ("a class action settlement agreement is presumptively valid").  Courts give "great weight" to and may "rely on the judgment of experienced counsel in its evaluation of the merits of a class action settlement." *Welsch v. Gardebring*, 667 F. Supp. 1284, 1295 (D. Minn. 1987).  Additionally, the court "does not have the responsibility of trying the case or ruling on the merits of the matters resolved by the agreement . . . . Rather, the very purpose of compromise is to avoid the delay and expense of such a trial." *White v. National Football League*, 822 F. Supp. 1389, 1417 (D. Minn. 1993).

Here, the settlement is presumed fair and falls within the range of possible approval.  The settlement was reached exclusively through arm's length bargaining over a period of months, through numerous written exchanges, and telephone conferences.  Attorneys for Plaintiff and attorneys for Defendant were present during the settlement negotiations.  The parties extensively discussed the merits of the claims and defenses and the relief available to Class Members.  After reaching a complete settlement agreement in principle, the parties turned their attention to documenting the settlement and exchanged draft settlement agreements, forms of Notice of the settlement, and claim forms.

In negotiating the settlement, Plaintiff had the benefit of attorneys who are highly experienced in complex litigation and familiar with the legal and factual issues of the case.  In Class Counsel's view, the settlement provides substantial benefits to the Class Members, especially when considering, among other things, the attendant expense, risks, difficulties, delays,

9

and uncertainties of litigation, trial, and post-trial proceedings. On preliminary evaluation, the settlement here is presumptively fair and worthy of preliminary approval.

### b. THE PROPOSED SETTLEMENT FALLS WITHIN THE RANGE OF POSSIBLE RECOVERY

Here, the Settlement Agreement is certainly "within the range of possible approval" and is a fair result for the parties following hard-fought litigation. The Settlement Agreement is the product of serious, arm's-length negotiations between experienced and informed counsel, and reflects a compromise that provides a substantial monetary benefit to the class, while avoiding the risk that further protracted and contested litigation provides.

The Settlement Agreement also fairly allocates the settlement proceeds without favoring any individual member over the class. A district court's principal obligation in approving a plan of allocation is "to assure that the interests of absent class members, as well as those of the named plaintiffs, are protected." *Gruin v. Int'l House of Pancakes*, 513 F.2d 114, 123 (8th Cir. 1975). It is also reasonable to provide named plaintiffs with additional compensation consistent with their involvement in the case. *Wineland v. Casey's Gen. Stores, Inc.*, 267 F.R.D. 669, 676 (S.D. Iowa 2009) ("Another factor contributing to the reasonableness, fairness, and adequacy of the Settlement is the fact that the Settlement provides for reasonable attorneys' fees and expenses, as well as certain premiums for named Plaintiffs and for class members who were deposed.").

The parties' proposed allocation plan provides that the Settlement Fund, minus any Court-approved attorneys' fees, expenses, costs and service awards, will be paid to Class Members based on the amount of hours they actually worked for Defendant. This allocation plan is fair because it ensures that every Class Member will receive a portion of the Settlement Fund, while providing a proportionally larger share to those who would have received more in wages.

10

Counsel for the Plaintiffs have carefully considered and evaluated the relevant legal authorities and evidence to support the claims and defenses, the likelihood of prevailing on the claims or defenses, the risk, expense and duration of continued litigation and the likely appeals, and have concluded that the settlement is a favorable resolution of the Litigation for all parties. The Settlement Agreement removes the potential for continuing trial and appellate proceedings on the merits, which may take several years to complete and be extremely costly and the outcome of which is uncertain.

**4.    NOTICE**

The next step in the process requires the Court to "direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). Constitutional due process and Federal Rule of Civil Procedure 23(c)(2)(B) require that absent class members receive "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Accordingly, "notice of a proposed class action settlement need only satisfy broad reasonableness standards imposed by due process." *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1153 (8th Cir. 1999). *See also, Grunin*, 513 F. 2d at 122 (upholding reasonableness of the "last known address" method of notice.)

Here, the parties have agreed upon a typical notice plan. As set forth in more detail in the settlement agreement, notice will be mailed to the last known address of each Class Member (as maintained by Defendants) and re-mailed if the notice is returned as undeliverable and a publicly available database has updated contact information. Notice to Class Members currently employed by Defendant will be delivered by hand or in conjunction with a regularly scheduled paycheck. The Notice of Proposed Class Action Settlement is attached as Exhibit C to Exhibit 1.

**III.    CONCLUSION**

In light of the above, the Parties respectfully request that this Court grant this unopposed motion and enter the Preliminary Approval Order provided concurrently with this motion such that the notice and administration of the parties' settlement may begin.

Respectfully submitted,

| | |
|---|---|
| **HKM EMPLOYMENT ATTORNEYS, LLP** | **OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.** |
| */s/ S. Cody Reinberg* | */s/ Andrew L. Metcalf (w/ consent)* |
| S. Cody Reinberg, #66174 | Sarah J. Kuehnel, #61698 |
| HKM Employment Attorneys LLP | Andrew L. Metcalf, #66079 |
| 9666 Olive Blvd., Suite 202A | 7700 Bonhomme Avenue, Suite 650 |
| St. Louis, MO 63132 | St. Louis, Missouri 63105 |
| Telephone: 314-391-9557 | Telephone: 314-802-3935 |
| creinberg@hkm.com | Facsimile: 314-802-3936 |
| | Sarah.Kuehnel@ogletree.com |
| **ATTORNEY FOR PLAINTIFF** | Andrew.Metcalf@ogletree.com |
| | **ATTORNEYS FOR DEFENDANT** |

## **CERTIFICATE OF SERVICE**

    I hereby certify that on September 28, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, sending notice to:

    Sarah J. Kuehnel
    Andrew L. Metcalf
    7700 Bonhomme Avenue, Suite 650
    St. Louis, Missouri 63105
    Telephone:  314-802-3935
    Facsimile:  314-802-3936
    Sarah.Kuehnel@ogletree.com
    Andrew.Metcalf@ogletree.com

    **ATTORNEYS FOR DEFENDANT**

                                                 */s/ S. Cody Reinberg*

35718468.1